**Dr. William WELCH III, Dr. Andrew Guest, and Mrs. Elizabeth Guest, Plaintiffs–Appellants,**

v.

**CADRE CAPITAL, R. Laken Mitchell, Esq., John Roberts, Edna Lou Ballard, Norman Ballard, Financial Centre Securities, Northwest Mutual, a Savings Institution, Defendants–Appellees,**

**Mutual Fire & Marine Inland Insurance Company, Defendant.**

**No. 263, Docket 90–7419.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 16, 1991.

Decided Oct. 7, 1991.

Peter Luria, West Hartford, Conn., submitted a letter brief for plaintiff-appellants.

Alexandra Davis and Antoinette L. Ruzzier, Moller, Horton & Fineberg, Hartford, Conn., submitted a letter brief for defendants-appellees Roberts, Edna Lou Ballard, Norman Ballard, Financial Centre Securities, and Cadre Capital.

Russell J. Ober, Jr., Rose, Schmidt, Hasley & DiSalle, Pittsburgh, Pa., submitted a letter brief for defendant-appellee Northwest Sav. Bank, PaSA.

R. Laken Mitchell, Cookeville, Tenn., submitted a pro se letter brief.

Sanford P. Dumain, Milberg Weiss Bershad Specthrie & Lerach, New York City, and Jonathan W. Cuneo, Gen. Counsel, NASCAT, Washington, D.C., submitted an amicus curiae letter brief for NASCAT.

Before NEWMAN, PIERCE and ALTIMARI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

On remand from the Supreme Court, we reconsider our prior ruling, *Welch v. Cadre Capital*, 923 F.2d 989 (2d Cir.1991) ("*Welch I*"), which had rejected retroactive application of the ruling in *Ceres Partners v. GEL Associates*, 918 F.2d 349 (2d Cir.1990), adopting a uniform federal statute of limitations for actions brought under section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b) (1988). The Supreme Court remanded *Welch I* for reconsideration in light of *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) ("*Lampf*"), and *James B. Beam Distilling Co. v. Georgia*, —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) ("*Jim Beam*"). *Northwest Savings Bank, PaSA v. Welch*, —— U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991).

In *Lampf*, the Supreme Court adopted the same one year/three-year statute of limitations for section 10(b) actions that we had adopted in *Ceres Partners*. Significantly, the Court gave retroactive application to the new rule, applying it to the litigation in which the new rule was announced. *Lampf*, 111 S.Ct. at 2782–83. This retroactive application, undertaken without any discussion of the retroactivity issue, was made over a dissenting opinion that pointed out that the Court had previously declined to apply new statute of limitations rules to the litigation in which the new rule was announced. *Id.* at 2785, 2786–87 (O'Connor, J., with whom Kennedy, J., joins, dissenting) (citing *American Trucking Associations, Inc. v. Smith*, —— U.S. ——, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990), *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), and *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)).

It is arguable that *Lampf* applied the new limitations rule retroactively to the litigation in which the rule was announced to avoid Article III concerns about advisory opinions, without implying that the new rule applies retroactively to all other lawsuits still pending on direct review. That argument, however, is foreclosed by the decision in *Jim Beam*. The Court there ruled that its prior decision applying a tax ruling retroactively to the litigation in which the rule was announced, *see Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), applied to all similarly situated litigants whose cases were pending on direct review. *Jim Beam*, 111 S.Ct. at 2448. Indeed, the Court ruled that in the civil context it is error not to apply retroactively to all cases pending on direct review a rule of federal law previously applied retroactively in the case announcing the rule. *Id.* at 2446. The Court thus rejected what Justice Souter called "selective prospectivity," *id.* at 2444, a technique that Justice White said the Court

had never applied in the context of civil litigation. *See id.* at 2448 & n. * (White, J., concurring).

The *amicus curiae* advances the interesting argument that the Supreme Court has indeed used selective prospectivity on one occasion and done so precisely in the context of applying a new limitations rule. In *Saint Francis College v. Al–Khazraji, supra,* the Court affirmed the Third Circuit's decision declining to apply retroactively the two-year limitations period that the Third Circuit had determined in *Goodman v. Lukens Steel Co.,* 777 F.2d 113 (3d Cir.1985), was applicable to actions under 42 U.S.C. § 1981 (1988). Yet the Third Circuit had applied its limitations ruling to the parties in the *Goodman* case, and its decision to do so was explicitly affirmed by the Supreme Court in *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), a case decided one month after *Saint Francis College.* The *amicus* contends that this is selective prospectivity, but there are reasons for believing that the Supreme Court might not regard it as such.

First, *Goodman* applied the new limitations rule only to limit the period of recoverable damages, whereas *Saint Francis College* declined to apply the two-year limitations rule to render untimely a suit brought within the previously applicable six-year limitations period. The Supreme Court may be instructing that as to section 1981 suits, the two-year limitations period applies entirely prospectively when the issue is timeliness of suit and entirely retroactively when the issue is the extent of recoverable damages. Second, the Court noted that when the *Goodman* suit was filed, the Third Circuit law as to the applicable limitations period was unsettled, whereas when the *Saint Francis College* suit was filed several years later, Third Circuit law had settled upon a six-year limitations period. *See Goodman,* 482 U.S. at 663, 107 S.Ct. at 2622. Retroactive application of the new two-year period was thus thought permissible for the *Goodman* plaintiffs, but not for the *Saint Francis College* plaintiff.

Of course, the plaintiffs in the pending case are more like the plaintiff in *Saint Francis College* than like the plaintiffs in *Goodman,* since they filed a suit timely under clearly settled pre-existing law, and the rejection of selective prospectivity defeats their suit entirely, rather than merely limiting the amount of damages. Nevertheless, we cannot ignore the fact that the latest pronouncement from the Supreme Court in *Jim Beam* declares that it is error not to apply fully retroactively a new rule that has been applied to the parties in the case in which the rule was announced, as occurred in *Lampf.* When the Supreme Court issues a decision like *Jim Beam,* when Justice White, without disagreement from any member of the Court, pointedly reports that there is no precedent for selective prospectivity in the civil context, and when the pending case is remanded for reconsideration in light of *Jim Beam* and *Lampf,* but not also in light of *Saint Francis College,* we are obliged to apply *Lampf* retroactively to all cases that were pending on direct review when *Lampf* was decided. Were it not for *Jim Beam,* we would welcome the opportunity to withhold retroactive application of the new limitations rule from all plaintiffs (other than those in the *Lampf* litigation) who filed timely under the pre-existing limitations period, for all of the reasons we set forth in *Welch I.* But, until advised to the contrary, we feel obliged to disregard the prior teaching of *Saint Francis College* and apply the more recent guidance of *Jim Beam.*

It is also arguable that, even if retroactive rulings are generally applicable to all cases pending on direct review, a retroactive ruling like *Lampf* should not be accorded general retroactive effect to all litigation pending on direct review for the reason that the decision on retroactivity was made without any explicit discussion of the issue. That argument too, however, is foreclosed by *Jim Beam.* That decision evoked the dissenting votes of three justices precisely on the ground that the *Bacchus Imports* decision had resolved the retroactivity issue without any explicit discussion of it and for that reason should not be accorded broad retroactive effect. *Jim*

*Beam,* 111 S.Ct. at 2451 (O'Connor, J., with whom Rehnquist, C.J., and Kennedy, J., join, dissenting). But the majority's decision in *Jim Beam,* rendered the same day *Lampf* was decided, makes it evident that the retroactive ruling in *Lampf* is to be applied retroactively to all cases not finally adjudicated on the date when *Lampf* was decided.

Appellants contend that the retroactivity ruling of *Jim Beam* applies only to newly announced rules of constitutional law, but *Jim Beam* makes clear that, at least in the civil context, its retroactivity principle applies to "a rule of federal law," *Jim Beam,* 111 S.Ct. at 2446, plainly covering both constitutional and statutory rulings.

In the pending case, the complaint is untimely under the one-year/three-year limitations period of *Lampf* and *Ceres Partners.* We therefore vacate our prior decision in *Welch I* and direct that the judgment of the District Court, *Welch v. Cadre Capital,* 735 F.Supp. 467 (D.Conn. 1989), dismissing appellants' complaint on statute of limitations grounds, is affirmed.