Anthony MAZZONE, et al., Plaintiffs,

v.

Martin J. STAMLER, Michael N. Appell, Associated Property Management Group, Inc. and Twenty–Four Realty Corp., Defendants.

No. 89 Civ. 5964 (LBS).

United States District Court, S.D. New York.

Oct. 3, 1994.

Gallet Dreyer & Berkey, New York City, for plaintiffs; David L. Berkey, of counsel.

Snow Becker Krauss P.C., New York City, for defendants; William D. Hummell, of counsel.

## OPINION

SAND, District Judge.

Plaintiffs commenced this securities fraud action in September, 1989, seeking to recover damages in connection with a failed real estate venture. On January 10, 1992, this Court signed a Stipulation and Order dismissing plaintiffs' action. Plaintiffs now move for an order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, vacating the Stipulation and Order on grounds of mutual mistake. For the reasons set forth below, we grant plaintiffs' motion and vacate the 1992 Stipulation and Order.

## BACKGROUND

This securities fraud action arises out of the failure of a real estate partnership known as Pittsburgh Associates ("Pittsburgh"). The Court refers the reader to a previous opinion, *Mazzone v. Stamler*, No. 89 Civ. 5964, 1991 WL 113275, at *1–2 (S.D.N.Y. June 19, 1991), for a more complete recitation of the facts.

Plaintiffs are former limited partners of the Pittsburgh venture. They commenced this action in September, 1989, seeking to recover damages from defendant promoters and managers. The complaint alleged violations of Securities Exchange Commission Rule 10b–5, and Section 12(2) of the Securities Act of 1933, in connection with the offering memorandum, and breaches of warranties and contractual and fiduciary duties under state law in connection with the management of Pittsburgh's affairs.

Defendants filed a third-party complaint in October 1990, asserting claims against Pittsburgh's accountants. This Court dismissed the third-party complaint on June 24, 1991. *See Mazzone v. Stamler*, 1991 WL 113275 at * 4. Our opinion also dismissed plaintiffs' Section 12(2) claims as time-barred. *See id.*

On July 30, 1991, defendants moved for summary judgment dismissing plaintiffs' Rule 10b–5 claim on the ground that it was time-barred under *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), which had held that the appropriate statute of limitations for Rule 10b–5 actions is the one and three year structure contained in the 1933 Act. *See Lampf*, 501 U.S. at 361, 111 S.Ct. at 2781. Defendants also moved to dismiss the remaining pendent state law claims for lack of subject matter jurisdiction. At that time, the Second Circuit Court of Appeals was about to render its second decision in *Welch v. Cadre Capital*, 946 F.2d 185 (2d Cir.1991), and determine whether *Lampf* would be applied retroactively to cases pending in this Circuit. The parties agreed to postpone consideration of defendants' motion until such decision and so advised this Court by letter dated September 12, 1991. *See* Berkey Aff., Exhibit E. This action was moved to the suspense docket pending the *Welch* decision.

*Welch II* was decided in October, 1991, and it held that *Lampf* would have retroactive application in this Circuit. *Welch*, 946 F.2d at 187–88. The parties thereupon agreed to stipulate to a dismissal of plaintiffs' action.

This Court converted the stipulation into an order by signing the stipulation on January 10, 1992. *See* Berkey Aff., Exhibit I. The Stipulation and Order were filed on January 13, 1992.

Prior to the time the Stipulation and Order were prepared and presented to the Court for signature, Congress passed Section 27A of the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa–1. This provision preserved actions filed under Rule 10b–5 commenced on or before June 19, 1991 (the date prior to the *Lampf* decision), by restoring the limitations periods of the various circuits, including any retroactivity principles, as they existed on that date. Plaintiffs allege, and defendants do not dispute, that at the time the stipulation dismissing this action was signed, the parties were under the mistaken belief that *Lampf* was still good law. The parties were all unaware that Congress, several weeks earlier, had passed Section 27A.

Defendants' attorney admits that he discovered the existence of Section 27A in mid-January 1992, approximately one week after the Order and Stipulation were filed, but that he did not inform plaintiffs or the Court. *See* Hummel Reply Affirm. at ¶ 14, 16. Plaintiffs' attorney, on the other hand, did not discover the mistake of the parties until November 1992, upon reading an article about Section 27A in the American Bar Association Journal. *See* Berkey Aff. at 6–7. Plaintiffs immediately moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to vacate the January 1992 stipulation and to re-open the litigation.

On December 10, 1992, this Court placed the plaintiffs' Rule 60(b) motion on its suspense docket until the Second Circuit had decided *Axel Johnson Inc. v. Arthur Andersen & Co.*, 6 F.3d 78 (2nd Cir.1993), then pending before it; the *Axel Johnson* defendants had challenged the constitutionality of Section 27A. On September 27, 1993, the Second Court handed down its *Axel Johnson* decision, which upheld the constitutionality of Section 27A. This Court now considers plaintiffs' motion.[1]

---

**1.** On June 6, 1994, the Supreme Court granted a petition for writ of certiorari to the United States

Court of Appeals for the Sixth Circuit on the issue of the constitutionality of subsection (b) of

## DISCUSSION

### A. *Rule 60(b)(1)*

█ Rule 60(b)(1) of the Federal Rules of Civil Procedure permits district courts to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." It is within the court's broad discretion to grant relief under Rule 60(b). *See Nemaizer v. Baker*, 793 F.2d 58, 61–62 (2nd Cir.1986); *United States v. $16,162 In U.S. Currency*, No. 90 Civ. 3061, 1994 WL 263419, at *2 (S.D.N.Y. June 13, 1994). In exercising this discretion, courts should balance the policy in favor of serving the ends of justice against the policy in favor of finality. *See Nemaizer*, 793 F.2d at 61; 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2857 (1973 & Supp.1993).

█ Plaintiffs' motion centers upon an undisputed mutual mistake, which is a specifically-enumerated ground for relief under Rule 60(b)(1). *See In re Texlon Corp.*, 596 F.2d 1092, 1100 (2nd Cir.1979). Both plaintiffs and defendants agree that, at the time the stipulation dismissing this action was signed, none of the parties was aware that Congress had passed Section 27A of the Securities and Exchange Act. On the contrary, the parties were under the mutually mistaken belief that *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), was still good law. Indeed, the language of the stipulation itself refers explicitly to the *Lampf* decision:

Defendants' motion to dismiss the First Claim of the Second Amended Complaint, alleging violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, based upon a retroactive application of the uniform statute of limitations as provided in the decision[ ] of the United States Supreme Court in Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson ... and as applied by the Second Circuit

Court of Appeals on remand of Welch v. Cadre Capital ... is granted....

*See* Stipulation and Order Filed January 13, 1992 at ¶ 2.

Defendants do not dispute that the 1992 stipulation was based upon a mutual mistake of the parties. Instead, defendants argue that plaintiffs' motion to vacate the order was not timely filed. Rule 60(b)(1) motions must be made within a "reasonable time" and at least within one year from the date of the order. Fed.R.Civ.P. 60(b)(1). What constitutes a "reasonable time" depends on the facts and circumstances of each case, including the possibility of prejudice to the other parties and the length of and reasons for the delay. *See In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2nd Cir.1981); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2866 (1973 & Supp.1993).

In this case, we find that plaintiffs' ten-month delay was not unreasonable. Although we are surprised that it took plaintiffs' attorney such a long period of time to discover a change in the law that was so widely reported, we nevertheless find that the equitable considerations weigh more heavily in plaintiffs' favor than in defendants'. First, the fact that plaintiffs filed their motion within days of their discovery of the existence of Section 27A makes up significantly for their delay in detecting their mistake. Second, we note that defendants' attorney discovered the mutual mistake in mid-January 1992, approximately one week after the Order and Stipulation were filed. However, instead of informing plaintiffs or the Court of the error, defendants sat back in the apparent hope of allowing enough time to pass that plaintiffs could no longer bring a Rule 60(b) motion. Finally, and most importantly, there is no evidence that our granting of plaintiffs' motion will cause any significant prejudice to defendants. As plaintiffs argue, no defendant has changed his position based upon the Stipulation and Order, the parties have not incurred any substantial expense in defending the related state court action, and

Section 27A. *See Plaut v. Spendthrift Farm, Inc.*, —— U.S. ——, ——, 114 S.Ct. 2161, 2161, 128 L.Ed.2d 885 (1994). As discussed below, only Section 27A(a) applies to the facts of this case.

Therefore, we choose to consider plaintiffs' motion now rather than to wait for the Supreme Court's decision in *Plaut*.

the information to defend the Rule 10b–5 claim is apparently just as available now as it was in January 1992.

Weighing all of these factors, we find that plaintiffs' motion to vacate was filed within a "reasonable" period. Emphasizing again that the mistake was mutual and that it was clearly responsible for plaintiffs' agreeing to the dismissal of the case, we grant plaintiffs' Rule 60(b)(1) motion and vacate the 1992 Stipulation and Order.

### B. *Section 27A*

 Defendants argue alternatively that this Court should not apply the "reasonable time" standard of Rule 60(b) to the facts of this case; instead, they contend, the Court should use the sixty-day time limit set forth in the newly-enacted Section 27A(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa–1. We find that defendants misread the statute and that the sixty-day window does not apply here.

Section 27A is divided into two parts. As plaintiffs correctly argue, subsection (a) of Section 27A deals with certain actions *pending when Section 27A was adopted* and provides that pre-*Lampf* statute of limitation rules apply to those cases.

(a) *Effect on pending causes of action*— The limitation period for any private civil action implied under section 78j(b) of this title that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.

Subsection (b) of Section 27A, on the other hand, provides a sixty-day window for reviving certain actions that were *dismissed prior to passage of Section 27A.*

(b) *Effect on dismissed causes of action*—Any private civil action implied under section 78j(b) of this title that was commenced on or before June 19, 1991—

(1) which was dismissed as time barred subsequent to June 19, 1991, and

(2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991,

shall be reinstated on motion by the plaintiff not later than 60 days after Dec. 19, 1991.

*See Axel Johnson,* 6 F.3d at 80. In the case before us, this Court signed the Stipulation and Order and thereby dismissed the action almost one month *after* the enactment of Section 27A. Therefore, Section 27A(b) and its 60–day window do not apply here; defendants' argument to the contrary is rejected.

### CONCLUSION

For the reasons set forth above, plaintiffs' motion for an order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, vacating the stipulation signed by the parties on December 31, 1991 and filed on January 13, 1992, is granted. The parties are to confer with each other and advise the Court in writing on or before October 24, 1994 how much time will be required to complete all discovery and to submit a pre-trial order.

SO ORDERED.