KAI WU CHAN, Yong Sun Li, Fu Xin Li, Ren Ping Zheng, and Liang Wen Pan, Plaintiffs,

v.

Janet RENO, United States Attorney General, Defendant.

No. 95 Civ. 2586 (RWS).

United States District Court, S.D. New York.

June 25, 1996.

Theodore N. Cox, New York City, for Plaintiffs.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (F. James Loprest, Jr., Special Assistant U.S. Attorney, of counsel), for Defendant.

## OPINION

SWEET, District Judge.

Plaintiffs Kai Wu Chan, Yong Sun Li, Fu Xin Li, Ren Ping Zheng, and Liang Wen Pan (collectively, "Plaintiffs") have moved for reconsideration of this Court's March 4, 1996, oral denial (the "Oral Order") of their application to have their Order to Show Cause why the INS should not be enjoined from conducting deportation proceedings against them treated as a motion for reconsideration of this Court's Opinion of February 13, 1996, *Chan v. Reno*, 916 F.Supp. 1289 (S.D.N.Y. 1996) (the "Opinion"). The motion will be deemed to have been 1) a motion to reconsider made pursuant to Federal Rule of Civil Procedure 59(e) and 2) a motion made pursuant to Federal Rule of Civil Procedure 60(b) for relief from the judgment of February 20, 1996 (the "Judgment"), dismissing the First Amended Complaint. For the reasons set forth below, both motions will be denied. Leave will be granted to renew the Rule 60 motion in the event of withdrawal of the pending appeal, in the event that Plaintiffs request permission from the Court of Appeals for remand of this issue, or in the event that the Court of Appeals remands the issue *sua sponte* before reviewing it on its merits.

### The Opinion

The factual background of this case is set forth in the Opinion, familiarity with which is assumed. The First Amended Complaint sought to adjust the status of Plaintiffs— Chinese who had entered the United States illegally—to that of lawful permanent resident pursuant to the Chinese Student Protection Act of October 9, 1992, Pub.L. No. 102–404, 106 Stat.1969–1971 (the "CSPA"); *see* 8 U.S.C. § 1255. Plaintiffs based their claims for relief on two arguments: that the I.N.S. had incorrectly interpreted the CSPA to require legal entry—essentially a statutory construction argument—and that an I.N.S. directive known as Cable 5 had violated an Executive Order. *See Chan v. Reno*, 916 F.Supp. at 1295–96.

The Opinion granted the motion of Defendant Janet Reno, United States Attorney General ("the Government"), to dismiss Plaintiffs' First Amended Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because Plaintiffs had failed to exhaust their administrative remedies. *Id.* at 1297–1300. Having dismissed the First Amended Complaint, the Opinion thus denied as moot Plaintiffs' motion for summary judgment on that complaint. *Id.* at 1300.

In dismissing the First Amended Complaint, the Opinion relied heavily on *Howell v. I.N.S.*, 72 F.3d 288 (2d Cir. Dec. 20, 1995), which had been filed by the Court of Appeals for the Second Circuit after briefing and oral argument by the parties to this action. *Howell* held, *inter alia*, that a party need not exhaust its administrative remedies prior to seeking relief in a federal district court when:

(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.

*Chan*, 916 F.Supp. at 1299 (citing *Howell*, 72 F.3d at 291–92).

The Opinion found that Plaintiffs would, upon commencement of deportation proceedings, have the opportunity for review by an immigration judge and the Board of Immigration Appeals (B.I.A.) of their objections to the I.N.S. interpretation of the CSPA. The Opinion thus determined that none of the four exceptions set out in *Howell* applied; that, therefore, Plaintiffs had not exhausted their administrative remedies; and that, as a result, this Court lacked jurisdiction. The First Amended Complaint was dismissed on this basis, and Plaintiffs' motion for summary

judgment on that complaint was, therefore, denied as moot.

The Opinion also denied Plaintiffs' motion to amend the First Amended Complaint with the "Proposed Fourth Amended Complaint". *Id.* at 1308. This latter complaint sought relief along the lines sought in the First Amended Complaint, but it advanced new grounds for that relief. Most notably, it added a claim that the rights of certain plaintiffs and proposed plaintiffs to equal protection under the law had been violated, because the I.N.S. had denied them adjustment to the status of lawful permanent resident, while granting such status to similarly situated Chinese nationals who had travelled from and reentered the United States during a particular time period. The Proposed Fourth Amended Complaint also claimed that Cable 5 itself had violated equal protection rights by distinguishing without a rational basis between those who had applied for advance parole before its promulgation and those similarly situated who had applied for advance parole after its promulgation. The Opinion, without holding on the merits of those claims, deemed them to present "substantial constitutional questions." *Id.* at 1304–05.

However, the Opinion determined that despite the assertion of these claims, the Proposed Fourth Amended Complaint, like the First Amended Complaint, failed to present an exception to the administrative exhaustion rule. *Id.* at 1303–1308. That conclusion was based in part on a holding that, like the First Amended Complaint, none of the exceptions to the doctrine, as set out in *Howell,* was met, noting, *inter alia,* that "available remedies do provide genuine opportunities for adequate relief … and administrative appeal would not be futile." *Id.* at 1303. Thus, held the Opinion, "[t]he Proposed Fourth Amended Complaint would, therefore, be subject to a successful motion to dismiss on jurisdictional grounds, and amendment would be futile." *Id.* at 1308. For that reason, Plaintiffs' motion to amend was denied. *Id.*

### Prior Proceedings

On February 13, 1996, on the same day as the Opinion was signed, Plaintiffs applied to the Court for an Order to Show Cause "en-joining commencement or continuation of deportation proceedings of any plaintiffs during the pendency of this action or any appeals." The Court Ordered the Government to show cause on March 4, 1996. On February 20, 1996, the Clerk entered the Judgment, which dismissed the case in accordance with the Opinion.

At the Order to Show Cause hearing on March 4, 1996, the Court declined to enjoin deportation proceedings against Plaintiffs, subscribing the following memorandum endorsement on the Order to Show Cause: "Based on the government's position that jurisdiction exists in an administrative proceeding subject to court appellate review to determine the issue raised here relating to the Chinese Student Protection Act and for the reasons set forth in the opinion of February 14, this application is denied. It is so ordered."

Also at the hearing on the Order to Show Cause, the Court denied Plaintiffs' oral request that the Court construe their Order to Show Cause application as a motion for reconsideration of the Opinion. The arguments on these two motions were largely bound up with each other.

On March 14, 1996, Plaintiffs filed the instant motion to reconsider the denial of the Oral Order. The Government was served with the notice of this motion by first-class mail in an envelope postmarked March 26, 1996. The Government filed its memorandum in opposition on April 9, 1996. The motion was taken on submission without oral argument on April 10, 1996.

On April 12, 1996, Plaintiffs filed their notice of appeal to the Court of Appeals for the Second Circuit. No mandate has yet been issued by that court.

### Discussion

### I. *The Court Has No Jurisdiction to Consider the Motions*

 A Court lacks jurisdiction over a matter—including jurisdiction to grant or deny relief under Rule 60(b)—after appeal has been taken. *Weiss v. Hunna,* 312 F.2d 711, 713–14 (2d Cir.), *cert. denied,* 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963).

However, a timely motion made under Rule 59 and not disposed of nullifies a subsequent notice of appeal. Rule 4(a)(4), F.R.A.P.; *Lowrance v. Achtyl,* 20 F.3d 529, 533 (2d Cir.1994). Because the Rule 59 motion here was not timely as meant by Rule 4, neither it nor the Rule 60 motion can be addressed.

Local Civil Rule 3(j) requires that "[a] notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion." Rule 59(e) similarly requires that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Rule 6 of the Federal Rules of Civil Procedure denies a district court discretion to extend the time within which a party may make a Rule 59(e) motion for reconsideration. *See* Rule 6(b), Fed.R.Civ.P.; *Stirling v. Chemical Bank,* 511 F.2d 1030, 1032 (2d Cir.1975) ("[T]he 10-day period prescribed by Rule 59(e) . . . cannot be enlarged."); *Corbett v. Guardian Worldwide Moving Co.,* 164 F.R.D. 323, 327 (E.D.N.Y.1995).

The instant motion to reconsider the Oral Order was made on March 14, 1996. Rule 59(e) makes clear that the ten days runs from the time of entry of the "judgment", which was February 20, 1996. Calculating from that date, the motion to reconsider is untimely. In contrast, Local Rule 3(j) times the ten days from the decision on a "motion," and it could be read to render the instant motion timely, since the Oral Order was issued on March 4, 1996. However, "[i]t is doubtful that a party may circumvent the operation of Rule 6(b), which prohibits an extension of time for the filing of a Rule 59(e) reconsideration motion, by filing its reconsideration motion pursuant to Local Rule 3(j)." *Corbett,* 164 F.R.D. at 327 n. 5. Even if such circumvention were permissible, it would not be such for the purposes of deeming an appeal to have been nullified. For even if the motion here could be deemed timely under Local Rule 3(j), it would be timely as applied only to the Oral Order, not to the Judgment itself, and it is the Judgment itself that is the subject of appeal. As a result, this Court has no jurisdiction of the matter now on appeal, and can address it only if

permission to address the Rule 60(b) motion is obtained from the Court of Appeals at Plaintiffs' request, or if the appeal is withdrawn or dismissed.

■ In any event, reconsideration pursuant to Rule 3(j) or Rule 59(e) would not be appropriate on the merits. Plaintiffs base their motion to reargue the Oral Order on an assertion that the Court overlooked controlling law supporting their contention that immigration courts cannot review statutory and constitutional challenges to I.N.S. interpretations. Yet at the oral argument prior to the Oral Order on March 4—the only forum to which the motion to reconsider can be addressed—Plaintiffs presented only anecdotal evidence of an immigration court's refusal to hear such a challenge in another case. Plaintiffs cited none of the cases subsequently cited in their briefs on this motion or set out below. Thus, the Court did not overlook any law presented at the oral argument, and a motion to reconsider could not be granted, even if the Court had jurisdiction to do so.

## II. *If the Issue is Remanded, the Parties Will Be Ordered to Submit Further Briefing*

Should the matter be remanded and a motion for Rule 60(b) made, it is crucial that a fundamental issue hitherto inadequately briefed by the parties be addressed. To prevent further omissions or delay, the remainder of this opinion delineates the parameters for further briefing.

■ Rule 60(b) establishes grounds on which a court in its discretion may relieve a party from final judgment or order. It provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Rule 60(b), Fed.R.Civ.P. Our Court of Appeals has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986); *accord United States v. Bank of New York,* 14 F.3d 756, 759

(2d Cir.1994) (Rule 60(b) relief available only in "extraordinary circumstances") (citing cases.) Like a Rule 59(e) motion, a Rule 60(b) motion is not a substitute for an appeal. *See Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 & n. 7, 98 S.Ct. 556, 560 & n. 7, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995).

■■■ Put another way, "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985). Such a motion is addressed to the sound discretion of the court. *Altman v. Connally,* 456 F.2d 1114 (2d Cir.1972). Equitable principles may be taken into an account by a court in the exercise of this discretion. *See, e.g., Associates Discount Corp. v. Goldman,* 524 F.2d 1051, 1054 (3d Cir.1975). It has been held that discretion should incline toward granting relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue. *See Wagstaff–El v. Carlton Press Co.,* 913 F.2d 56 (2d Cir.1990), *cert. denied,* 499 U.S. 929, 111 S.Ct. 1332, 113 L.Ed.2d 263 (1991). A court must balance the policy of hearing a claim on the merits against the desire to achieve finality of judgment. *See Mazzone v. Stamler,* 157 F.R.D. 212, 214 (S.D.N.Y.1994).

Rule 60(b)(1) allows for relief where a court's mistake is one involving the application of law. *See Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 839–40 (11th Cir.1982); *International Controls Corp v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). Rule 60(b)(6) has been held to demand even more "extraordinary circumstances" than those permitting relief under Rules 60(b)(1) through 60(b)(5), *see Ackermann v. United States,* 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950), and thus presents an even higher standard.

■■■ The brief submitted by Plaintiffs on the instant motion suggests that the Judgment was erroneous. Because available remedies do not provide Plaintiffs asserting equal protection claims such as those in the Fourth Amended Complaint with genuine opportunities for adequate relief, and because administrative appeals would indeed be futile, exceptions to the administrative exhaustion rule apparently did exist, the Proposed Fourth Amended Complaint was not frivolous, and the motion to amend should have been granted.

"[T]he BIA does not have authority to adjudicate constitutional issues...." *Arango–Aradondo v. I.N.S.,* 13 F.3d 610, 614 (2d Cir.1994); *see also Liu v. Waters,* 55 F.3d 421, 425 (9th Cir.1995); *Bagues–Valles v. I.N.S.,* 779 F.2d 483, 484 (9th Cir.1985); *Hernandez–Rivera v. I.N.S.,* 630 F.2d 1352, 1355 (9th Cir.1980); *cf. Rafeedie v. I.N.S.,* 880 F.2d 506 (D.C.Cir.1989); *Massieu v. Reno,* 915 F.Supp. 681, 691 (D.N.J.1996). An immigration judge has only such authority as is granted by regulation. *Castaneda–Suarez v. I.N.S.,* 993 F.2d 142, 144 (7th Cir.1993). Given that this is the law, at least two of the exceptions to the administrative exhaustion rule recited in *Howell* appear to apply to the constitutional claims raised in the Proposed Fourth Amended Complaint: available remedies do not provide Plaintiffs with genuine opportunities for adequate relief based on their equal protection claims, and administrative appeals would be futile. Even if such constitutional claims could be raised on appeal from the B.I.A. to the Court of Appeals for the Second Circuit, this surely does not fall within the ambit of "administrative appeals" contemplated in *Howell.* As a sister court has noted in a well-reasoned opinion issued almost contemporaneously with the Opinion in this action:

> Although exhaustion and finality requirements are often referred to as "jurisdictional," they are not unyielding. Rather, while the court's inquiry must always be guided by the congressional intent behind the particular administrative statute, "application of the exhaustion doctrine is 'intensely practical' and should be guided by the policies underlying the exhaustion requirement."

*Massieu,* 915 F.Supp. at 692 (citing *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986)) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 331 n. 11, 96

S.Ct. 893, 901 n. 11, 47 L.Ed.2d 18 (1976)); *Abbott Labs. v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Rice v. United States Dep't of Alcohol, Tobacco & Firearms,* 68 F.3d 702, 708 (3d Cir.1995); *Lester H. v. Gilhool,* 916 F.2d 865, 869 (3d Cir.1990), *cert. denied,* 499 U.S. 923, 111 S.Ct. 1317, 113 L.Ed.2d 250 (1991)). In sum, Plaintiffs cannot be expected to exhaust their administrative remedies when there are no administrative remedies for them to exhaust.

The Court's grant of the motion to dismiss would remain unaffected if this is the case, but the motion to amend the complaint would have to be granted. The inability of the immigration tribunals to deem unconstitutional the I.N.S. actions at issue here implicates the second and fourth exceptions to the administrative exhaustion rule set out in *Howell;* vests this Court with jurisdiction over the Fourth Amended Complaint (as narrowed in the Opinion to exclude the claims of Daoyu Li and Shao Fa Hao, *see Chan,* 916 F.Supp. at 1302–03); renders the Fourth Amended Complaint not patently subject to dismissal; and thus mandates a grant of permission to amend. For this reason, an amended complaint along the lines of the Proposed Fourth Amended Complaint as narrowed by the Opinion would be in order.

It could be argued that the Government's concession at the March 4th argument that immigration courts can address the constitutional issues raised by Plaintiffs mitigates the error of law in the Opinion, since it seems to concede jurisdiction and thus to provide Plaintiffs with recourse to those Courts. However, subject matter jurisdiction cannot be waived, and even the Government's stipulation thus fails to guarantee Plaintiffs an adequate airing of their claims.

In the Opinion, because the frame of argument shifted upon issuance of *Howell,* this issue was not briefed. Plaintiffs treat the issue in one paragraph in their motion to reconsider, and the Government does not respond at all. Yet it appears key to the exercise of jurisdiction, and should the matter be remanded and a Rule 60 motion made, the parties should brief and argue this issue. To the extent that such issues were not presented previously, it is well excusable, because the Court, *sua sponte,* rested on an area of law briefed by neither party, raised by the decision of the Court of Appeals in *Howell,* which was issued after briefing and oral argument.

### Conclusion

For the reasons set forth above, the Rule 59(e) motion is denied. The Rule 60 motion is denied, with leave to renew in the event of withdrawal of the pending appeal, in the event that Plaintiffs request permission from the Court of Appeals for remand of this issue, or in the event that the Court of Appeals remands the issue *sua sponte.* In such event, the parties will submit further briefs as outlined above.

It is so ordered.