298 F.3d 168
 Alfred SMITH, Jr., an infant appearing by Alfred Smith, Jr. and Milagros Smith, his parents and legal guardians, Alfred Smith, Jr., individually, and Milagros Smith, individually, Plaintiffs-Appellants,
v.
HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, Board of Education, Half Hollow Hills Central School District, Kevin McGuire, Superintendent of Schools, Half Hollow Central District, Linda Bruno, in her capacity as Principal, Candlewood Middle School, John McDermott, in his capacity as Teacher, Half Hollow Hills Central School District, John McDermott, individually, and Lorraine Patterson, Reading Specialist, Half Hollow Hills Central School District, Defendants-Appellees.
 Docket No. 01-7891.
 United States Court of Appeals, Second Circuit.
 Argued: May 15, 2002.
 Decided: July 31, 2002.
 
 COPYRIGHT MATERIAL OMITTED Harriet A. Gilliam, Law Offices of Harriet A. Gilliam, Riverhead, NY, for Appellants.
 Cheryl F. Korman, Uniondale, N.Y. (Merril S. Biscone, Rivkin, Radler, Uniondale, NY, on the brief), for Appellees.
 Before OAKES, MESKILL and KATZMANN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alfred Smith, Jr. (Smith), an infant appearing by and through his parents, and his parents Alfred and Milagros Smith (collectively referred to as "appellants") appeal from a judgment of the United States District Court for the Eastern District of New York, Mishler, J., dismissing their claims arising out of an incident during which Smith was slapped in the face by one of his teachers. Although we affirm the dismissal of appellants' claims, we write to clarify two points, one jurisdictional and one substantive.
 
 
 2
 Appellants alleged, inter alia, that on March 20, 1997, defendant John McDermott (McDermott), the teacher of Smith's seventh grade technology class at Candlewood Middle School, conducted a class exercise which involved balancing an egg on the edge of McDermott's desk to illustrate the day of equinox.[1] According to Smith, he attempted to balance the egg as instructed but it somehow became cracked through no fault of his. McDermott then slapped Smith in the face at full-force with an open hand, allegedly causing Smith both great physical pain and severe emotional pain for which he underwent psychotherapy.
 
 
 3
 Based on that incident and appellees' response to it, appellants filed a complaint in district court, which they subsequently amended, claiming violations of their rights under both state law and the United States Constitution. Their Second Amended Complaint set forth eight causes of action, including a substantive due process claim pursuant to 42 U.S.C. § 1983 arising out of the McDermott incident. After filing an answer, appellees moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) with regard to appellants' first, second, third, fifth, sixth and eighth causes of action. In a memorandum and order dated September 8, 2000, the district court granted appellees' motion and dismissed those causes of action, including the substantive due process claim.
 
 
 4
 The grant of appellees' 12(c) motion left viable only appellants' fourth (alleging a racially discriminatory refusal to transfer Smith to another school following the incident) and seventh (an apparent assault and battery claim under state law) causes of action. On May 10, 2001, appellees moved for summary judgment on Smith's fourth cause of action, which the district court subsequently granted, leaving only the seventh cause of action before the district court.
 
 
 5
 On June 21, 2001, based on a "finding that there is no just reason for delay," the district court ordered a partial judgment dismissing all of appellants' claims except for the seventh, the state law claim. The district court provided no explanation as to why entry of a partial judgment pursuant to Federal Rule of Civil Procedure 54(b) was necessary or desirable. On July 16, 2001, appellants filed a notice of appeal from the partial judgment. On July 25, 2001, the district court declined to exercise supplemental jurisdiction over the remaining state law claim and directed entry of judgment in favor of appellees and dismissal of the complaint. Finally, on August 1, 2001, judgment was entered and the case marked "closed." No notice of appeal was filed from this judgment.
 
 
 6
 As a threshold matter, we must determine whether we have jurisdiction to hear this appeal. As a general rule, "the court of appeals lacks jurisdiction to hear an appeal unless the decision is, or is embodied in, an order or judgment that is `final' within the meaning of 28 U.S.C. § 1291." Citizens Accord v. Town of Rochester, 235 F.3d 126, 128 (2d Cir.2000) (per curiam). "An order that adjudicates fewer than all of the claims remaining in the action ... is not a final order unless the [district] court directs the entry of a final judgment as to the dismissed claims... `upon an express determination that there is no just reason for delay.'" Id. (quoting Fed.R.Civ.P. 54(b)).
 
 
 7
 The partial judgment entered by the district court did not dispose of appellants' seventh cause of action. Therefore, it was appealable at the time it was entered only if the district court properly certified it under Rule 54(b). We believe that it did not do so in this case. Although the district court made a conclusory statement "finding that there is no just reason for delay," that statement was clearly inadequate. See, e.g., Hudson River Sloop Clearwater v. Dep't of Navy, 891 F.2d 414, 419 (2d Cir.1989) ("Obviously, mere recitation of the language of the rule that `there is no just reason for delay' is insufficient to certify a claim under Rule 54(b)."). We have "repeatedly held that in making the express determination required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir.1991) (quotation marks omitted). As a general rule, such an explanation is necessary in order for there to be meaningful appellate review of a district court's decision to certify a judgment under Rule 54(b). See id. at 630; see also Cuoco v. Moritsugu, 222 F.3d 99, 110 (2d Cir.2000).
 
 
 8
 In certain situations the reason for certification may be so obvious that no explanation is necessary. In those cases we are able to provide meaningful review of the district court's exercise of its discretion without an explanation of why it believed certification was appropriate. See, e.g., Fletcher v. Marine, 882 F.2d 605, 609-10 (2d Cir.1989). It is clear, however, that such situations are the exception rather than the rule. To avoid an unnecessary remand, district courts are always better served by providing a brief statement of their reasons for entering a partial judgment, a power which should "be exercised sparingly." Harriscom Svenska AB, 947 F.2d at 629 (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).
 
 
 9
 We need not determine whether the district court's reasons for granting a partial judgment in this case were sufficiently obvious to avoid Rule 54(b)'s requirement of a reasoned explanation because here the dismissal of Smith's remaining claim after the partial judgment was filed cured any jurisdictional infirmity. Once the district court declined to exercise supplemental jurisdiction over the seventh cause of action, dismissed the complaint, and marked the case closed, the decision became "final" for purposes of 28 U.S.C. § 1291 because it decided all of the claims between the parties. See Vona v. County of Niagara, 119 F.3d 201, 205-06 (2d Cir.1997) (concluding, despite lack of explanation for Rule 54(b) certification, that "there was a final judgment ... for purposes of appealability under 28 U.S.C. § 1291, because the case was marked `closed,' presumably on order of the district court"); see also Cuoco, 222 F.3d at 110 (noting that the federal policy against piecemeal appeals is not implicated where an entire case can be decided in a single appeal). Consequently, the need for certification of a partial judgment under Rule 54(b) was obviated and any defects in the initial certification were rendered irrelevant to the existence of appellate jurisdiction.
 
 
 10
 Our holding that the dismissal of the last cause of action rendered the district court's decision "final," and therefore appealable, does not end our jurisdictional inquiry, however. The Federal Rules of Appellate Procedure provide, inter alia, that in a civil case "the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed.R.App.P. 4(a)(1)(A) (emphasis added). Appellants' sole notice of appeal was filed before the judgment became final and was therefore premature. We must determine whether that notice of appeal perfects their appeal as of right as to those claims disposed of in the initial partial judgment, the appellants not having appealed from the dismissal of the state law claim.
 
 
 11
 We conclude that it does. We have held that "`a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice.'" IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054-55 (2d Cir.1993) (quoting Welch v. Cadre Capital, 923 F.2d 989, 992 & n. 1 (2d Cir.), vacated on other grounds and remanded sub nom. Northwest Sav. Bank, PaSA v. Welch, 501 U.S. 1247, 111 S.Ct. 2882, 115 L.Ed.2d 1048, vacated, 946 F.2d 185 (2d Cir.1991)); see Leonhard v. United States, 633 F.2d 599, 611 (2d Cir.1980) ("In the absence of prejudice to the nonappealing party, this Court... has declined to dismiss premature notices of appeal where subsequent actions of the district court have imbued the order appealed from with finality."). The district court entered a final judgment before this appeal was heard and we see no prejudice to appellees resulting from appellants' failure to file a second notice of appeal. Therefore, appellants' premature notice of appeal will be treated as if it had been timely filed after the judgment became final and we have appellate jurisdiction. See id.; cf. Fed.R.App.P. 4(a)(2) (providing that a premature notice of appeal filed "before the entry of ... judgment ... is treated as filed on the date of and after the entry").
 
 
 12
 On the merits, we conclude that the district court properly dismissed appellants' claims. We write, however, to express our disagreement with a portion of the district court's analysis of Smith's substantive due process claim arising out of the slap he received from McDermott. Specifically, the district court relied on language from a Sixth Circuit opinion stating that "it is simply inconceivable that a single slap could shock the conscience" and therefore violate a student's due process rights. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). We have never adopted a per se rule that a single slap from a teacher or other school official can never be sufficiently brutal to shock the conscience and invoke the protections of the due process clause. Neither will we adopt such a rule here.
 
 
 13
 That being said, in this case we need not determine under what circumstances a single slap would violate due process because we believe it clear as a matter of law that McDermott's conduct did not reach that level. Striking a student without any pedagogical or disciplinary justification — as Smith alleges McDermott did — is undeniably wrong. However, not all wrongs perpetrated by a government actor violate due process.
 
 
 14
 The protections of substantive due process are available only against egregious conduct which goes beyond merely "`offend[ing] some fastidious squeamishness or private sentimentalism'" and can fairly be viewed as so "`brutal' and `offensive to human dignity'" as to shock the conscience. Johnson v. Glick, 481 F.2d 1028, 1033 & n. 6 (2d Cir.1973) (Friendly, J.) (quoting Rochin v. California, 342 U.S. 165, 172, 174, 72 S.Ct. 205, 96 L.Ed. 183 (1952)), partially abrogated on other grounds by Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); see County of Sacramento v. Lewis, 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (finding it established that "conduct that shock[s] the conscience and [i]s so brutal and offensive that it d[oes] not comport with traditional ideas of fair play and decency ... violate[s] substantive due process" (quotation marks omitted)). The single slap here falls short of that threshold. Cf. Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 249-54 (2d Cir.2001) (denying teacher qualified immunity from eighth grade student's due process claim where teacher grabbed the student by the throat, lifted him off the ground by his neck, dragged him across the floor, choked him, slammed his head into the bleachers four times, rammed his head into a metal fuse box and punched him in the face).
 
 
 15
 In so holding, we are cognizant of the Supreme Court's admonition that "executive action challenges raise a particular need to preserve the constitutional proportions of constitutional claims, lest the Constitution be demoted to ... a font of tort law." County of Sacramento, 523 U.S. at 847 n. 8, 118 S.Ct. 1708; see Glick, 481 F.2d at 1033 (noting that "the constitutional protection [afforded by substantive due process] is nowhere nearly so extensive as that afforded by the common law tort action for battery"). The wrong perpetrated in this case, though regrettable, simply is not of constitutional proportions. Smith has not alleged facts demonstrating that McDermott's behavior rose to the level of "conscience-shocking" behavior such that his state cause of action would be transformed into a constitutional one. See Easton v. Sundram, 947 F.2d 1011, 1018 (2d Cir.1991). Therefore, we hold that his remedy, if any, lies elsewhere than the due process clause and affirm the district court's dismissal of his claim.[2]
 
 
 16
 We have considered appellants' other claims and conclude that they lack merit.[3]
 
 CONCLUSION
 
 17
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 Notes:
 
 
 [1]
 As an aside, there appears to be significant debate within the scientific community regarding whether the vernal equinox has unique qualities facilitating the balancing of an eggCompare Donna Henes, Celestial Auspicious Occasions (1996) (claiming that balancing is easiest at the vernal equinox) with Philip C. Plait,
 Bad Astronomy: Misconceptions and Misuses Revealed, from Astrology to the Moon Landing "Hoax" (2002) (claiming that the vernal equinox has no impact on balancing).
 
 
 [2]
 In so holding, we express no view regarding the merits of any state law claims that may be available to appellants
 
 
 [3]
 In their brief on appeal, appellants claim the district court mischaracterized their first cause of action, alleging improper placement of Smith in a remedial reading class, as a procedural due process claim rather than both a due process and an equal protection claim. However, at oral argument appellants conceded that the first cause of action asserted a claim for procedural due process only. We note that counsel had the
 opportunity to call the alleged mischaracterization to the district court's attention below but failed to do so. Cf. Conley v. Bd. of Trs. of Grenada County Hosp., 707 F.2d 175, 178-79 (5th Cir.1983) (holding objection to procedural irregularity waived where it "could have [been] corrected immediately" had it been mentioned in a reconsideration motion). We need not decide whether the equal protection claim was waived, however, because we conclude that appellants' first cause of action does not state a valid equal protection claim. See Albert v. Carovano, 851 F.2d 561, 572 (2d Cir.1988) (noting that a "naked allegation" of selective enforcement is insufficient to survive a motion to dismiss). Appellants' procedural due process claim also lacks merit and was properly dismissed.