849 F.2d 778
 Albert FRANCIS, Jr., Plaintiff-Appellee,
v.
Thomas A. COUGHLIN, III, Commissioner, Department of
Correctional Services, Charles J. Scully, Superintendent,
Green Haven Correctional Facility, Capt. Ronald E. Miles,
Green Haven Correctional Facility, Lt. Charles Greiner,
Ronald Leight, Richard W. Prouty, Frank Arizmendi, Harold J.
Smith, Superintendent, Attica Correctional Facility, and
Charles Hernandez, all of New York State Department of
Correctional Services, Jointly Severally & Individually,
Respectively, Defendants-Appellants,
Sgt. B.J. Farrell, Correctional Officer, Defendant.
 No. 879, Docket 87-9014.
 United States Court of Appeals,
Second Circuit.
 Argued March 24, 1988.
Decided June 20, 1988.
 
 Charles R. Fraser, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., Lawrence S. Kahn, Deputy Sol. Gen., New York City, of counsel), for defendants-appellants.
 William R. Maguire, New York City (Vilia B. Hayes, Hughes Hubbard & Reed, New York City, of counsel), for plaintiff-appellee.
 Before KAUFMAN, CARDAMONE and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 On July 23, 1982, while an inmate at New York State's Green Haven Correctional Facility, appellee Albert Francis was accused by two corrections officers of participating in a fight between inmates and prison officers and was placed into the Special Housing Unit ("SHU"), a maximum security section in which inmates are segregated from the general prison population. On July 31, 1982, a prison disciplinary hearing, known as a Superintendent's Proceeding, was conducted, after which Francis was found guilty of violating three prison rules, ordered confined to SHU for 545 days, and penalized with the loss of 365 days of good time credit and certain privileges. Shortly thereafter, Francis was transferred to the state's Attica Correctional Facility ("Attica"), where he was again held in SHU.
 
 
 2
 Francis attempted to bring an Article 78 proceeding in New York State Supreme Court, Wyoming County, see N.Y.Civ.Prac.L. & R. Secs. 7801-7806, challenging the validity of the Superintendent's Proceeding and the sanctions imposed. The court converted the suit into a habeas corpus proceeding, and by order dated January 12, 1983, it found that the Superintendent's Proceeding contravened applicable state law because Francis was not permitted to be present when witnesses called on his behalf were interviewed. See N.Y.Comp.Codes R. & Regs. tit. 7, Sec. 253.5(b) (1986). It vacated the findings of the July 31 hearing, but granted leave for the Department of Correctional Services to conduct a new hearing in compliance with applicable law.
 
 
 3
 On March 4, 1983, with Francis still held in Attica's SHU, a new Superintendent's Proceeding was conducted at Attica: witnesses were again interviewed outside of Francis' presence, Francis was again found guilty of all charges, and substantially the same penalties were imposed. Francis promptly challenged this proceeding in state court as well, and on April 29, 1983, without stating its reasons, the court invalidated the second Superintendent's Proceeding and granted Francis complete equitable relief. Having spent 311 days in SHU, Francis thereafter rejoined the general prison population.
 
 
 4
 On March 21, 1984, Francis, pro se, commenced this action for damages pursuant to 42 U.S.C. Sec. 1983 in the United States District Court for the Southern District of New York, alleging that certain state officials violated his federal constitutional rights by knowingly bringing false charges against him and by conducting the disciplinary hearings in an unlawful manner. Appellants filed an answer in which they pleaded the elements of a qualified immunity defense. Thereafter, on May 5, 1987, they filed motion papers seeking, inter alia, dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Defendants' memorandum of law devoted nine pages to the defense of qualified immunity, arguing that the rights which plaintiff claims were violated were not clearly established in the years 1982-83.
 
 
 5
 In an opinion dated November 6, 1987, the district court, Richard Owen, Judge, denied defendants' motion to dismiss, ruling that Francis had pleaded a cognizable Sec. 1983 claim, and directed the parties to commence discovery in order to facilitate prompt resolution of the underlying claims. In its only reference to qualified immunity, the court noted in a footnote that a prisoner's right to have notice of and to comment on charges against him was clearly established prior to 1982, such that qualified immunity was not available to the defendants. Francis v. Coughlin, No. 84 Civ. 1990 (RO), slip op. at 6 n. 3 (S.D.N.Y. Nov. 6, 1987). Defendants brought this interlocutory appeal pursuant to Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).
 
 DISCUSSION
 
 6
 The doctrine of qualified immunity shields government officials from suit concerning acts undertaken in the course of their duties if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This protection not only insulates the officials from liability, but it also conveys a concomitant "entitlement not to stand trial or face the other burdens of litigation," Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), including the conduct of pretrial discovery, id.
 
 
 7
 The district court rejected defendants' claims of immunity in a footnote, preferring instead to move the case forward to the discovery stage in order to reach the merits "with dispatch." While we understand the court's desire to avoid prolonged motion practice in what ought to be a relatively straightforward case, we are also mindful of the Supreme Court's admonition that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Id. (emphasis added).
 
 
 8
 The district court's cursory treatment of the immunity defense dealt only with the question of whether Francis was entitled to notice of and an opportunity to comment on the charges against him. However, defendants' memorandum of law in support of their motion to dismiss did not even assert the qualified immunity defense with respect to that claim. Rather, the immunity defense was raised with respect to plaintiff's allegations concerning the bringing of false charges, the failure to adjudicate the charges within seven days, the bias of the hearing officers, the refusal to interview witnesses in his presence, and the lack of substantial evidence to support the findings of guilt.
 
 
 9
 When a district court fails to address an immunity defense, it is generally appropriate to remand the case with instructions to rule on the matter. See, e.g., Musso v. Hourigan, 836 F.2d 736, 742 (2d Cir.1988) (qualified immunity defense); Smith v. Reagan, 841 F.2d 28, 31 (2d Cir.1988) (eleventh amendment immunity). Accordingly, we follow that approach herein.
 
 
 10
 Appellants also assert that Francis conceded in the district court that he cannot state a claim for relief with respect to his allegation that the Superintendents' findings were not supported by substantial evidence. They urge that we reverse the district court's refusal to dismiss this count of the complaint. We have no jurisdiction over this dispute, which concerns the merits of one of the claims, since this interlocutory appeal is limited exclusively to the district court's rejection of the qualified immunity defense. See Mitchell v. Forsyth, 472 U.S. at 527-30, 105 S.Ct. at 2816-17. Insofar as appellants seek reversal of the district court's refusal to dismiss the "substantial evidence" claim, the appeal is dismissed.
 
 
 11
 In all other respects, the case is remanded to the district court with instructions to reconsider defendants' invocation of the defense of qualified immunity.