Anette SORENSEN, individually, and as a parent having legal custody on behalf of her infant daughter, Liv Sorensen, Plaintiff–Appellee,

Exavier Wardlaw, Plaintiff,

v.

The CITY OF NEW YORK, et al., Defendants,

Maria Rios and Sheryl Williams, Defendants–Appellants.

Docket No. 00–9366.

United States Court of Appeals, Second Circuit.

July 30, 2002.

Grace Goodman, Assistant Corporation Counsel (Michael D. Hess, Corporation Counsel of the City of New York, Larry A. Sonnenshein, Assistant Corporation Counsel, on the brief), New York, NY, for Appellants.

Michael Q. Carey, Carey & Associates (Kenneth C. Murphy, of counsel), New York, NY, for Appellee.

Present WALKER, Chief Judge, CABRANES, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED in part and DISMISSED in part.**

Defendants-appellants Maria Rios and Sheryl Williams filed this interlocutory appeal from the October 16, 2000 memorandum and order of the district court in which the district court, *inter alia,* 1) denied appellants qualified immunity with respect to plaintiff-appellee Anette Sorensen's claim that she was unconstitutionally strip-searched, and 2) ordered a new trial on that claim to determine compensatory damages. Appellants challenge both of these rulings. While we have jurisdiction over the denial of qualified immunity, *see Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), we find that we lack jurisdiction to review appellants' challenge to the order of a new trial, which does not need to be resolved in order to decide the qualified immunity issue, and is not inextricably intertwined with it. *See Davidson v. Chestnut,* 193 F.3d 144, 151 (2d Cir.1999) (per curiam). Nor does the new trial challenge meet the requirements of the collateral order doctrine, because the propriety of the decision will be fully reviewable upon entry of final judgment. *See Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Francis v. Coughlin,* 849 F.2d 778, 780–81 (2d Cir.1988) (per curiam). Accordingly, we address only the denial of qualified immunity.

The facts relevant to this appeal are that on May 10, 1997 Sorensen was strip-searched by Rios and Williams after being arrested for a misdemeanor and prior to her arraignment, pursuant to a blanket policy promulgated by defendant City of New York (the "City") that mandated a strip-search of all pre-arraignment arrestees regardless of the nature of the crime for which they were arrested or whether there existed reasonable suspicion to strip search a particular arrestee. Sorensen filed a claim pursuant to 42 U.S.C. § 1983 against the City and Rios and Williams. The case was tried before a jury, which found that Sorensen had been unconstitutionally strip-searched. Acting solely in an advisory capacity, the jury also found that Rios and Williams were entitled to qualified immunity.

In ruling on several post-trial motions, the district court held, *inter alia,* that despite the jury's advisory verdict to the contrary, Rios and Williams were not entitled to qualified immunity as a matter of law because (1) the law was clearly established that strip searches of pre-arraignment misdemeanor arrestees was unconstitutional in the absence of reasonable suspicion, (2) public officials are held to have constructive knowledge of the law, and (3) it was not objectively reasonable for Rios and Williams to believe that performing a strip search on Sorensen in the absence of reasonable suspicion did not violate clearly established law. The district court also noted that the record "failed even to suggest a reasonable basis to conclude that Sorensen ... should have been strip-searched because of a 'particularized suspicion that [she] was concealing weapons or other contraband.'"

■ We review the district court's denial of qualified immunity *de novo. See Charles v. Maul,* 214 F.3d 350, 356 (2d Cir.2000). There are three ways a defendant can establish qualified immunity. *See Robison v. Via,* 821 F.2d 913, 920–21 (2d

Cir.1987). First is if the constitutional right that was violated was not clearly established at the time the defendant acted. *Id.* at 920. Second is if it was not clear at the time of the acts at issue that an exception did not permit these acts. *Id.* at 921. And third is if even though the law was clearly established, "it was objectively reasonable for [the defendant] to believe that his acts did not violate those rights." *Id.* Appellants have failed to satisfy any of these requirements.

■ Because, as the district court noted, public officials are held to constructive knowledge of the law, the issue here is not whether a reasonable person would have known what the law was, but simply whether the law was clearly established. *See Salahuddin v. Coughlin,* 781 F.2d 24, 27 (2d Cir.1986). At the time of Sorensen's strip search, at least three decisions in this circuit had held that a strip search of a person arrested for a misdemeanor and awaiting arraignment was unconstitutional in the absence of a reasonable suspicion that the arrestee carried concealed weapons or other contraband. *See Wachtler v. County of Herkimer,* 35 F.3d 77, 81 (2d Cir.1994); *Walsh v. Franco,* 849 F.2d 66, 68–69 (2d Cir.1988); *Weber v. Dell,* 804 F.2d 796, 802 (2d Cir.1986). No intervening cases have called these holdings into question.

■ Appellants contend that the law was not clearly established because challenges to the constitutionality of the City's and Nassau County's strip-search policies were pending in court at the time of Sorensen's arrest. This argument lacks merit because cases not decided at the time a defendant's conduct occurred cannot be the basis for determining whether the right at issue was clearly established. *See Lauro v. Charles,* 219 F.3d 202, 216 n. 8 (2d Cir.2000). We therefore have no difficulty agreeing with the district court that the unconstitutionality of the City's strip-search policy was clearly established at the time of Sorensen's arrest.

■ Appellants next argue that Rios and Williams could have reasonably believed that an exception to the rule announced in *Weber* and *Walsh* permitted the strip searches at issue here. This argument misapprehends the "exceptions" basis for granting qualified immunity. As explained in *Robison,* qualified immunity may be warranted where, although the law was clearly established, "there was, at the time of the challenged [conduct], a legitimate unresolved question as to the existence of . . . [an] exception permitting such [conduct]." 821 F.2d at 921. The types of exceptions referred to, however, are ones that have been identified by courts but have not been fully defined or accepted, such as a national security exception to the prohibition against warrantless wiretaps or whether exigent circumstances will excuse a warrantless arrest in a person's home. *See, e.g., Mitchell,* 472 U.S. at 531–35 & n. 12. Here, no exception has been identified by appellants that might have been applicable. Rather, appellants are simply postulating that they could reasonably have believed that some unidentified exception existed.

■ The third and final way an official can escape liability for actions that violated a plaintiff's constitutional or statutory rights is where, even though the law was clearly established, it was "objectively reasonable" under the circumstances to believe that the official's actions did not violate the plaintiff's rights. *Robison,* 821 F.2d at 921. This test is usually applied where there is a factual component to the constitutionality of the defendant's actions, such as the existence of exigent circumstances or probable cause to arrest. *See id.* Appellants argue that they were sim-

ply low-level employees following orders and that it was objectively reasonable for them to believe that a policy promulgated by the City was constitutional. Although it is true that low-level employees have been granted qualified immunity where they followed orders promulgated by their superiors, immunity has been granted only when the orders were facially valid. *See, e.g., Lauro,* 219 F.3d at 216 & n. 10; *Bilida v. McCleod,* 211 F.3d 166, 174–75 (1st Cir.2000); *Varrone v. Bilotti,* 123 F.3d 75, 81–82 (2d Cir.1997). The strip-search policy at issue here, however, had twice been declared unconstitutional by this court, and so was not facially valid. *See Walsh,* 849 F.2d at 69–70 (holding that defendant was not entitled to qualified immunity for enforcing clearly unconstitutional strip-search policy absent particularized suspicion that plaintiff was concealing weapons or contraband); *Diamondstone v. Macaluso,* 148 F.3d 113, 126 (2d Cir.1998) (denying qualified immunity where defendant followed facially invalid order); *Augustin v. Jablonsky,* No. 99CV3126, 2001 WL 770839, at \*10 (E.D.N.Y. Mar.8, 2001); *see also Cal. Attorneys for Criminal Justice v. Butts,* 195 F.3d 1039, 1049 (9th Cir.1999) (denying qualified immunity to defendants who followed facially invalid policy). Appellants thus cannot establish that it was objectively reasonable for them to believe under the circumstances that strip-searching Sorensen was constitutional.

For the reasons set forth above, the district court's denial of qualified immunity is hereby **AFFIRMED** and the appeal to the extent it challenges the district court's order of a new trial is **DISMISSED.**