Tremaine R. CARTER and Michael Fresella, Plaintiffs–Appellees,

v.

The CITY OF YONKERS, P.O. Raymond Montero, P.O. Brian Menton, P.O. John Traynor, P.O. Michael Mueller, P.O. Elizabeth Morales and P.O. Keith Olson, Defendants–Appellants.

No. 08–0193–cv.

United States Court of Appeals, Second Circuit.

Aug. 13, 2009.

Kevin J. Plunkett, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, N.Y. (Frank Rubino, Corporation Counsel, City of Yonkers, on the brief), for Appellants.

Alan D. Levine, Kew Gardens, N.Y., for Appellees.

PRESENT: GUIDO CALABRESI, B.D. PARKER and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendants–Appellants P.O. Raymond Montero, P.O. Brian Menton, P.O. Keith Olson, and P.O. John Traynor (collectively "Appellants") appeal from a judgment of the United States District Court for the Southern District of New York (Smith, M.J.) entered after a jury verdict finding in favor of Plaintiffs–Appellees Tremaine R. Carter and Michael Fresella (collectively "Appellees") on their 42 U.S.C. § 1983 claim alleging unreasonable search and seizure in violation of the Fourth Amendment. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Appellants first contend that they were entitled to qualified immunity with respect to their stop and search of Appellees. The District Court reserved the question of qualified immunity with the consent of both parties, but never issued a ruling on the subject. Although we have, in the past, remanded cases where a district court has failed to dispose of an issue of qualified immunity, *see Francis v. Coughlin*, 849 F.2d 778, 780 (2d Cir.1988), we have declined to follow this rule where, as here, we have an "extensive factual record" at our disposal and "where as a matter of law, defendants would not be entitled to qualified immunity on the facts as alleged by plaintiffs." *Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir.2006). Leaving aside the question of whether the jury verdict renders the issue of Appellants' qualified immunity moot, we conclude that Appellants are not entitled to the defense.

On the special verdict form, the jury indicated its findings that Appellants searched Plaintiffs' car or persons or photographed their faces without consent, and that they "conducted an unreasonable search or seizure by searching [Plaintiffs'] cell phone[s], searching [their] person[s] beyond a pat-down, or by taking photograph[s] of their bod[ies]." We have little difficulty concluding that these findings establish a Fourth Amendment violation. The extensive search of Appellees, their vehicle, and/or their cell phones, along with the photographing—whether alone or in combination—went well beyond what was permissible under a *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also Michigan v. Summers*, 452 U.S. 692, 698–701, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (identifying permissible investigative measures in *Terry* stop context); *United States v. Askew*, 529 F.3d 1119, 1136 (D.C.Cir.2008); *United States v. Place*, 660 F.2d 44, 52 (2d

Cir.1981). The law in this regard was clearly established and it was not objectively reasonable for Appellants to conclude otherwise. In addition, the statement of an anonymous speaker that "There's guns in that truck," which Appellants heard as Appellees' vehicle crossed the intersection near where the speaker was located, did not, as a matter of law, justify the searches and photographing that occurred here. *See Florida v. J.L.,* 529 U.S. 266, 272, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). We thus conclude that Appellants are not entitled to qualified immunity. *See Arlio v. Lively,* 474 F.3d 46, 51 (2d Cir.2007).

Next, Appellants challenge the District Court's denial of their motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. On an appeal "after a jury verdict, we view the facts of the case in the light most favorable to the prevailing party." *Kosmynka v. Polaris Indus., Inc.,* 462 F.3d 74, 77 (2d Cir.2006). We set aside a jury verdict only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or . . . such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1046 (2d Cir. 1992) (internal quotation marks omitted) (alteration in original). We review the District Court's denial of Appellants' Rule 50 motions *de novo,* applying the same standards as those applied by the District Court. *Advance Pharmaceutical, Inc. v. United States,* 391 F.3d 377, 390 (2d Cir. 2004).

Here, the jury weighed the testimony of the parties and their witnesses, and determined that Appellees had not consented to being searched or photographed. The jury was entitled to credit Appellees' version of the facts. We see no basis for overturning their verdict. *See Posr v. Doherty,* 944 F.2d 91, 96 (2d Cir.1991).

■ Appellants next argue that the District Court erred in excluding evidence relating to the unavailability and gang affiliation of Appellees' co-passenger, Dacheau Brown, along with evidence of Appellants' conversations with Brown. We review a district court's evidentiary rulings for abuse of discretion. *Arlio,* 474 F.3d at 51. We conclude that the District Court did not abuse its discretion in excluding this evidence, having concluded that the risk of prejudice substantially outweighed the evidence's probative value. *See* Fed. R.Evid. 403; *see also Costantino v. Herzog,* 203 F.3d 164, 173 (2d Cir.2000). Although the District Court changed its position on this evidence, we find that the court's subsequent curative instruction eliminated the risk of prejudice. *See United States v. Bermudez,* 529 F.3d 158, 165 (2d Cir.2008) (holding in a criminal case that defendant was not substantially prejudiced by government's summation where court issued curative instruction after prejudicial comments).

■ Appellants also contend that the District Court erred in denying their motion for a new trial. We review the court's denial of Appellants' motion for a new trial for abuse of discretion. *See Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.,* 290 F.3d 98, 106 (2d Cir.2002). A motion for a new trial "ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Id.* (internal quotation marks omitted). Based on the evidence adduced at trial, we see no miscarriage of justice, and thus conclude that the court's denial of Appellants' motion for a new trial was not an abuse of discretion.

Finally, we review Appellants' contention that the District Court erred in awarding Appellees $47,512.50 in attorney's fees for abuse of discretion. *See Barfield v. N.Y. City Health & Hosps. Corp.,* 537 F.3d 132, 151 (2d Cir.2008). In calculating the reasonable hourly rate for the services Appellees' counsel rendered, the court considered the range of approved rates for attorneys doing comparable work in the Southern District of New York; Appellees' limited success before the jury; and the hours counsel reasonably expended on the winning claims. *See LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 762 (2d Cir.1998). We conclude that the District Court adequately took into account "*all* of the case-specific variables that we ... have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 493 F.3d 110, 117 (2d Cir.2007) (emphasis in original), *amended on other grounds by* 522 F.3d 182 (2d Cir.2008), and that the court's award of attorney's fees was well within its discretion. *See, e.g., Kassim v. City of Schenectady,* 415 F.3d 246, 256 (2d Cir.2005).

We have considered Appellants' remaining contentions and conclude that they are without merit.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**