17-1873-cv(L)
Chalco v. Belair et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

RENE CHALCO,

> *Plaintiff-Appellee*,

v.                                                                    Nos. 17-1873-cv,
                                                                        17-1879-cv

CHRISTOPHER BELAIR, ROBERT MADORE, RYAN HOWLEY, and ANDREW KATKOCIN,

> *Defendants-Appellants.*

_____

FOR PLAINTIFF-APPELLEE:     BEVERLEY ROGERS (Jennifer Cranstoun, *on the brief*), Beverley Rogers Law Offices, LLC, Ridgefield, CT.

1

| FOR DEFENDANT-APPELLANT BELAIR: | THOMAS R. GERARDE (Beatrice S. Jordan *on the brief*), Howd & Ludorf, LLC, Hartford, CT. |
|---|---|
| FOR DEFENDANTS-APPELLANTS HOWLEY, MADORE, and KATKOCIN | MICHAEL CONROY, Hassett & George, P.C., Simsbury, CT. |

Appeal from a June 1, 2017, decision of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of Defendants-Appellants Robert Madore, Ryan Howley, and Andrew Katkocin, docket number 17-1879-cv, is **DISMISSED**, the decision of the district court as to Defendant-Appellant Christopher Belair, docket number 17-1873-cv, is **AFFIRMED** in part, and the case is **REMANDED** for further proceedings.

Defendants-Appellants, who are officers in the City of Danbury Police Department, brought these interlocutory appeals from the decision of the district court denying their motions for summary judgment with respect to Plaintiff-Appellee Rene Chalco's claims pursuant to 42 U.S.C. § 1983. Defendants-Appellants contend the district court should have concluded they were entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the record of the prior proceedings, and issues on appeal, and repeat them here only as necessary to explain our decision.

At around 1:00 a.m. on March 8, 2013, Officers Belair, Madore, Howley, and Katkocin conducted a traffic stop of a car Chalco was driving in Danbury, Connecticut. According to Chalco, he had skidded through a stop sign because it was snowing heavily that night. The officers concluded that Chalco had been drinking and that Chalco lacked a valid driver's license. Officer Madore issued Chalco a summons for operating a vehicle without a license and failing to obey a stop sign. The officers did not conduct a field sobriety test or breathalyzer test, nor did they issue Chalco a summons for driving while intoxicated.

Throughout the traffic stop, Chalco complied with the officers' instructions. At one point, Officer Belair threatened him, swore at him, and punched him in the face, striking his lips and nose.[1] Chalco began to bleed from his face enough that he was swallowing blood, which later began to drip onto his clothing. Chalco did not receive

---

[1] Chalco testified that Belair stated he was upset because Belair concluded that Chalco was intoxicated and said his family member had been the victim of an intoxicated motor vehicle operator.

2

medical treatment at the scene.   The officers did not arrest Chalco, and permitted him to leave after giving him a traffic ticket.   However, the officers had Chalco's car towed and Chalco had to walk home in the snow, which took about an hour.

Officer Belair claims he neither punched Chalco nor made any physical contact with him at any time during the traffic stop, and that Chalco exhibited no signs that he had been injured in any way.

Chalco filed the operative, First Amended Complaint, on December 9, 2015 (the "FAC").   The FAC asserted a claim for excessive force under 42 U.S.C. § 1983, and state law claims for assault, battery, and intentional infliction of emotional distress against Officer Belair.   The FAC also asserted a claim against all four Defendants-Appellants under § 1983 for "deliberate indifference to medical needs," citing the Fourteenth Amendment and alleging that "[t]he conduct of all Defendants in failing to summon medical assistance" violated Chalco's rights.   App. at 21.   Only the federal constitutional claims are the subject of this appeal.

Defendants-Appellants moved for summary judgment on November 28 and 30, 2016.   Officer Belair filed his own motion, and the three other defendants filed a joint motion.   Officer Belair argued, among other things, that he was entitled to qualified immunity on both of the § 1983 claims against him.   In support of his motion, Belair submitted a statement of undisputed facts pursuant to the District of Connecticut's Local Civil Rule 56(a)(1), which asserted that he did not strike, assault, or injure Chalco at any time.   Officers Madore, Howley, and Katkocin did not assert qualified immunity in their motion for summary judgment.   After being granted an extension of time, Chalco timely opposed the motions on January 4, 2017, but filed his statement of facts in opposition to summary judgment, required by the District of Connecticut's Local Civil Rule 56(a)(2), almost two weeks late, on January 17, 2017.

The district court denied the motions for summary judgment on June 1, 2017.   The court noted the late filing of Chalco's Rule 56(a)(2) statement, but stated that it would still consider "facts asserted in [Chalco's] Opposition where they are supported by timely-filed evidence elsewhere in the record."   App. at 197–98.   The court cited Chalco's deposition and other record materials in support of Chalco's contention that Officer Belair punched him in the face during the traffic stop and other factual claims made by Chalco.

As to Chalco's excessive force claim against Belair, the district court concluded that summary judgment was not warranted because there was a genuine dispute of material fact as to whether Belair punched Chalco, and there was no evidence to support the proposition

that any use of force would have been reasonable.  As to Chalco's claim for deliberate indifference to his medical needs, the court noted that Chalco was not a pretrial detainee when Defendants-Appellants allegedly deprived him of medical treatment, but found that Chalco raised a genuine dispute of material fact as to whether Defendants-Appellants violated Chalco's Fourteenth Amendment rights by towing his car and leaving him on the side of the road in a snowstorm, under a state-created danger theory.[2]  App. at 205–08 (citing *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005)).  The district court's decision did not address qualified immunity as to any defendant or any claim.

Officer Belair filed an interlocutory appeal of the denial of summary judgment on June 12, 2017, which was assigned docket number 17-1873-cv here.  Separately, on the same day, Officers Madore, Howley, and Katkocin filed an interlocutory appeal of the denial of summary judgment, which was assigned docket number 17-1879-cv here.  These appeals have been consolidated and are decided here together.

We "may determine whether a defendant is entitled to qualified immunity on stipulated facts . . . or on the facts favorable to the plaintiff . . . ."  *Bolmer v. Oliveria*, 594 F.3d 134, 141 (2d Cir. 2010) (internal citation and quotation marks omitted).

First, the appeal must be dismissed as to Officers Madore, Howley, and Katkocin. These Defendants-Appellants did not plead qualified immunity as an affirmative defense[3] or move for summary judgment on qualified immunity grounds before the district court, and the district court did not address qualified immunity with respect to them in its June 1, 2017, opinion.  *See Blissett v. Coughlin*, 66 F.3d 531, 539 (2d Cir. 1995) ("The defendant bears the burden of pleading and proving the affirmative defense of qualified immunity."). Thus, as to these Defendants-Appellants, there is no denial of qualified immunity for us to review, and we lack jurisdiction to consider any other aspect of the district court's denial of summary judgment to these Defendants-Appellants on interlocutory appeal.

As to Officer Belair, the district court's failure to consider his qualified immunity defense does not deprive us of jurisdiction.  *See Ford v. Moore*, 237 F.3d 156, 161 (2d Cir. 2001).  Unlike the other officer defendants, Belair properly raised the defense in his summary judgment motion, so the district court effectively denied Belair qualified immunity even though it did not explicitly consider it.  *See id.*

---

[2]  The "state-created danger" theory was not articulated in the FAC.

[3]  The district court docket does not reflect that Defendants-Appellants filed any answers at all in this case, as required by Rule 8(b) of the Federal Rules of Civil Procedure.

4

However, Officer Belair's appeal fails because he has not shown that he is entitled to qualified immunity on the evidence favorable to Chalco. The gravamen of Belair's argument is that Chalco's failure to submit a Rule 56(a)(2) statement means that Belair's version of events—that he did not strike or use any force on Chalco—is undisputed, and that he is entitled to qualified immunity based on that version of events. Belair does not argue that, even if he did strike or use force on Chalco as Chalco claims, he is entitled to qualified immunity. Nor does Belair argue that the district court had no basis in the record to conclude that he did use force against Chalco.

The District of Connecticut's Local Civil Rule 56(a) implements Federal Rule of Civil Procedure 56(c)(1)'s requirement that parties to a summary judgment motion must support their assertions with record evidence. Local Civil Rule 56(a)(1) requires the movant to set forth, in separately numbered paragraphs that cite record evidence, "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a)(1). Local Civil Rule 56(a)(2) requires the party opposing the motion to file paragraph-by-paragraph responses admitting or denying the facts set forth in the movant's Rule 56(a)(1) statement, as well as a section containing "Additional Material Facts" supported by record evidence that "the party opposing summary judgment contends establish genuine issues of material fact precluding judgment in favor of the moving party." D. Conn. L. Civ. R. 56(a)(2).

Although a district court is under no "obligation . . . to perform an independent review of the record to find proof of a factual dispute" if the non-moving party fails to designate specific facts showing a genuine dispute of material fact, *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002), it may nevertheless perform such a review if it so chooses, *see* Fed. R. Civ. P. 56(c)(3); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (holding that a court "may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file" the Southern District of New York equivalent of a Rule 56(a)(2) statement (internal quotation marks omitted)). That is what the district court did here: it undertook an independent review of the summary judgment materials and concluded there was sufficient evidence to create a genuine dispute of material fact about whether Officer Belair punched Chalco. We see no error in the district court's evaluation of these materials.

Taking the evidence in the light most favorable to Chalco, as we must, with no justification Belair punched Chalco in the mouth hard enough to draw blood, which violated clearly established law. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Accordingly, Belair has failed to show entitlement to qualified immunity with respect to the excessive force claim.

5

Officer Belair also argues that the district court erred when it effectively denied him qualified immunity as to the deliberate indifference claim because Chalco was not a pretrial detainee, his injury was not sufficiently serious to support a constitutional violation, and Belair had no way to know Chalco needed medical attention. As for the state-created danger theory articulated in the district court's opinion, Belair argues that, even under Chalco's version of events, the failure to provide Chalco transportation home in a snowstorm was not a state-created danger because there was no affirmative act increasing Chalco's risk of harm, and in any event, he did not violate clearly established law.

We observe that there is a substantial question whether the allegations of the FAC or the evidence presented at summary judgment would support claims for "deliberate indifference" or "state-created danger." However, because the district court never addressed qualified immunity below, we remand the case with instructions to rule on these matters, if properly raised before the district court. *See Francis v. Coughlin*, 849 F.2d 778, 780 (2d Cir. 1988). In particular, remand is warranted here because the district court's decision raised the state-created danger theory *sua sponte*, and thus the parties did not have an opportunity below to brief the issue of qualified immunity on that theory.

\* \* \*

We have considered the parties' remaining arguments and conclude that they do not alter the disposition of these appeals. Accordingly, we **DISMISS** the appeal of Madore, Howley, and Katkocin; we **AFFIRM** the district court's denial of qualified immunity as to the excessive force claim against Belair; and we **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6