23-743 (L)
*Steele-Warrick v. Finnegan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty-four.

PRESENT:     JOSÉ A. CABRANES,
                       BARRINGTON D. PARKER,
                       MARIA ARAÚJO KAHN,
                                   *Circuit Judges.*

_____

NADEZDA STEELE-WARRICK, DARRYL SCHULTZ, individually and on behalf of all others similarly situated,
          *Plaintiffs-Appellees*,

                    v.                                                    Nos. 23-743 (L), 23-766 (Con), 23-767 (Con)

RICHARD FINNEGAN, ANTHONY ANNUCCI, JAMES O'GORMAN, CHARLES KELLY,
          *Defendants-Appellants*,*

_____

FOR PLAINTIFFS-APPELLEES:          MATTHEW D. BRINCKERHOFF (Samuel Shapiro, Emily K. Wanger, Eric Abrams, *on the brief*), Emery Celli

_____

* The Clerk of Court is directed to amend the caption as set forth above.

Brinckerhoff Abady Ward & Maazel LLP, New York, NY, *and* Karen L. Murtaugh, David Bentivegna, Jonathan Feldman, Ann Ferrari, Andrew Stecker, Elise Czuchna, Prisoners' Legal Services of New York, Albany, NY.

FOR DEFENDANT-APPELLANT FINNEGAN:        THOMAS A. CAPEZZA (Benjamin W. Hill, *on the brief*), Capezza Hill, LLP, Albany, NY

FOR DEFENDANTS-APPELLANTS
ANNUCCI AND O'GORMAN:        PHILIP J. LEVITZ (Barbara D. Underwood, Ester Murdukhayeva, Daniel S. Magy, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY

FOR DEFENDANT-APPELLANT KELLY:        JEFFREY P. MANS, Albany, NY

Appeal from the orders of March 31, 2023 and April 26, 2023 of the United States District Court for the Eastern District of New York (Frederic Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** to the District Court.

This putative class action against New York State Department of Corrections and Community Supervision ("DOCCS") officials alleges that DOCCS disciplined prisoners for positive drug test results, despite the testing system's high false-positive rate, in violation of the Eighth Amendment and the substantive component of the Fourteenth Amendment's Due Process Clause. Four DOCCS officials (Richard Finnegan, Anthony Annucci, James O'Gorman, and Charles Kelly, jointly, "DOCCS Appellants") moved to dismiss on grounds of, *inter alia*, qualified immunity.

Qualified immunity is "an *immunity from suit* rather than a mere defense to liability."[1] Accordingly, we have long recognized that "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*."[2]

Here, however, the District Court allowed discovery against the DOCCS Appellants to proceed before adjudicating their motions to dismiss. The DOCCS Appellants moved to dismiss in June and

---

[1] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original).

[2] *Francis v. Coughlin*, 849 F.2d 778, 780 (2d Cir. 1988) (quoting *Mitchell*, 472 U.S. at 526) (alteration adopted) (emphasis added in *Francis*).

August 2022. In March and April 2023, the District Court granted the motions with respect to the Eighth Amendment claim and denied them with respect to the substantive due process claim. The DOCCS Appellants filed interlocutory appeals challenging the District Court's order denying them qualified immunity on the substantive due process claim. During the adjudication of their motions to dismiss and while their appeals have been pending before us, discovery has continued apace and is now, apart from a few expert witness depositions, complete.[3]

Without expressing any views on the District Court's legal conclusions, we recognize that this case involves complex factual questions, apparently intertwined with the legal ones, that are best resolved on summary judgment.[4] While we are mindful that qualified immunity is designed to "spar[e the official] the necessity of defending by submitting to discovery on the merits or undergoing a trial,"[5] the imminent completion of discovery ensures that the District Court can resolve the issues expeditiously. Moreover, a full evidentiary record will enable the District Court to determine whether the complaint's allegations against the DOCCS Appellants are supported by "specific facts showing that there is a genuine issue for trial."[6] We thus **REMAND** the cause to the District Court for completion of discovery, without prejudice to the DOCCS Appellants raising qualified immunity on summary judgment.[7] This panel will retain jurisdiction over any further appeals.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Oral Arg. Audio Recording at 1:06:23–1:12:35, 1:16:35–1:17:32; *see also* Order, *Steele-Warrick v. Microgenics Corp.*, 19-cv-6558 (E.D.N.Y. Dec. 18, 2023) (Vera M. Scanlon, *Magistrate Judge*) (certifying "fact discovery as closed"); Status Report at 1, *Steele-Warrick*, No. 19-cv-6558 (E.D.N.Y. May 17, 2024) (parties "currently expect to be able to complete expert discovery by the Court's deadline of June 28, 2024").

[4] *See* Oral Arg. Audio Recording at 1:21:56–1:22:23 ("We've had approximately thirty-five depositions of parties and fact witnesses . . . . There are hundreds of thousands of pages of discovery documents produced in this case as well as all the deposition transcripts.").

[5] *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999).

[6] *Picard Tr. for SIPA Liquidation of Bernard L. Madoff Inv. Sec. LLC v. JABA Assocs. LP*, 49 F.4th 170, 185 (2d Cir. 2022) (quotation marks omitted).

[7] *See Behrens v. Pelletier*, 516 U.S. 299, 307–11 (1996).