23-503(L)
*Harris v. Tioga County*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand twenty-four.

PRESENT:

> DENNY CHIN,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

CALVIN HARRIS,

> *Plaintiff-Appellee,*

> v.                                                      Nos. 23-503(L), 23-652(Con)

TIOGA COUNTY, GERALD KEENE, Former
Tioga County District Attorney, STEVEN
ANDERSON, New York State Police
Investigator, SUSAN MULVEY, New York

State Police Investigator,

*Defendants-Appellants*,

TIOGA COUNTY DISTRICT ATTORNEY'S OFFICE, UNIDENTIFIED JANE/JOHN DOE #1–10, Tioga County Employees, UNIDENTIFIED LESTER, New York State Police Investigator, UNIDENTIFIED JANE/JOHN DOE #11–20, New York State Police Employees, BARBARA THAYER,

*Defendants*.

_____

| | |
|---|---|
| **For Defendants-Appellants Tioga County and Gerald Keene:** | JONATHAN M. BERNSTEIN, Goldberg Segalla LLP, Albany, NY. |
| **For Defendants-Appellants Steven Anderson and Susan Mulvey:** | SEAN P. MIX, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, Albany, NY. |
| **For Plaintiff-Appellee Calvin Harris:** | DONNA ALDEA (Alexander Klein, *on the brief*), Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY. |

Appeal from an order of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

2

Tioga County, its former district attorney, and two New York state police investigators appeal the district court's March 23, 2023 order denying their motions for summary judgment as to claims brought by plaintiff Calvin Harris pursuant to 42 U.S.C. § 1983 and under state law. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In September 2001, Calvin Harris's wife, Michele, disappeared from their home in Tioga County, New York. No body or murder weapon was ever found. Because the two were in the middle of an acrimonious divorce, investigators zeroed in on Harris as a suspect. The investigation stalled for years, however, after investigators failed to find anything that physically linked Harris to a crime against Michele. The district attorney of Tioga County, Gerald Keene, eventually sought an indictment in 2005, more than four years after Michele's disappearance. Although the grand jury voted to charge Harris with Michele's murder, the trial court dismissed the indictment in early 2007 (on grounds not relevant here). Keene sought another indictment a month later based on new evidence that – at least according to Harris – included manipulated blood spatter analysis from the Harris family home and false testimony from key witnesses. Keene secured an

indictment and eventually a jury verdict finding Harris guilty of Michele's murder.

The case was far from over, however. Hours after Harris was convicted, a witness came forward with evidence implicating another man in Michele's disappearance. On the basis of that evidence, Harris was granted a second trial, which again resulted in his conviction for murder. That conviction too was vacated, after which Harris was tried a third time to a hung jury, and then a fourth and final time in May 2016, when Harris was ultimately acquitted of Michele's murder.

Harris brought this action in 2017, alleging that Keene, Tioga County, state investigators Susan Mulvey and Steven Anderson, various other officials, and a civilian witness named Barbara Thayer had fabricated evidence against him and conspired to violate his legal rights. He additionally alleged that the state and county defendants maliciously prosecuted him. Following a period of discovery, the defendants moved for summary judgment on the merits and on grounds of qualified and absolute immunity. Although the district court dismissed several claims and defendants, it denied the motions for summary judgment as to four of Harris's claims: malicious prosecution against Keene, Mulvey, and Anderson;

4

fabrication of evidence against Keene, Mulvey, Anderson, and Thayer; conspiracy to violate Harris's constitutional rights against Mulvey, Keene, and Thayer; and municipal liability against Tioga County. Mulvey, Anderson, Keene, and Tioga County (together, "Appellants") then filed this interlocutory appeal, which Harris has moved to dismiss for lack of appellate jurisdiction.[1]

In general, we lack jurisdiction to review a district court's denial of summary judgment. *See LaTrieste Rest. & Cabaret, Inc. v. Village of Port Chester*, 96 F.3d 598, 599 (2d Cir. 1996) (citing 28 U.S.C. § 1291). Under a limited exception to that rule, we may review an order denying a claim of officer immunity, but only "to the extent that [the appeal] turns on an issue of law." *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020) (internal quotation marks omitted). Because our remit is strictly legal, we may not review a denial of immunity that presents an unresolved "factual dispute," such as when the parties dispute whether the officer acted in the manner alleged by the plaintiff. *Id.* Nor can we entertain a defendant's argument "that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue." *Salim v. Proulx*,

---

[1] Thayer, the civilian witness, does not appeal the district court's denial of her motion for summary judgment on Harris's claims of fabrication of evidence and conspiracy.

5

93 F.3d 86, 91 (2d Cir. 1996). As a consequence, an officer who wishes to immediately challenge a denial of immunity must argue that, under stipulated facts or under the plaintiff's version of the disputed facts, he is entitled to immunity as a matter of law. *See id.* at 90; *see also Raspardo v. Carlone*, 770 F.3d 97, 112 (2d Cir. 2014).

Applying this rule here, we must dismiss the appeal for lack of jurisdiction. The district court concluded that Mulvey, Anderson, and Keene were not entitled to immunity at this stage of the proceedings because there were genuine disputes as to whether (and to what extent) they had engaged in misconduct during their prosecution of Harris. On appeal, none of these appellants raises a pure question of law as to whether they enjoy qualified or absolute immunity against Harris's claims. Instead, each argues – in lengthy briefs brimming with factual assertions but short on legal argument – that the summary judgment record compels the conclusion that they are entitled to immunity because none of them did what Harris alleges. Because these arguments dispute the facts, not the law, we lack jurisdiction to review them at this time.

*First*, Mulvey and Anderson argue that the district court should have granted them qualified immunity on Harris's claims for malicious prosecution

under federal and state law. As relevant here, malicious prosecution under federal and state law includes four elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (internal quotation marks omitted).[2] The district court found that a rational juror could find that Mulvey and Anderson had "initiated" proceedings against Harris – either by pressuring Keene to indict or by manipulating evidence against Harris – without probable cause and in bad faith. Sp. App'x at 42.

On appeal, however, Mulvey and Anderson fail to raise a pure question of law. They do not, for instance, accept Harris's version of the facts and argue that they would be entitled to qualified immunity as a matter of law even if they *had* initiated Harris's prosecution without probable cause and in bad faith. *See Tooly v. Schwaller*, 919 F.3d 165, 172 (2d Cir. 2019) (entertaining interlocutory appeal where defendant agreed to "rely only upon facts plaintiff has alleged or admitted" (internal quotation marks omitted)). Instead, Mulvey and Anderson simply

---

[2] A federal claim for malicious prosecution under section 1983 also requires a fifth element – a "post-arraignment seizure" – which is not in dispute on appeal. *Jocks*, 316 F.3d at 136.

contest Harris's version of the facts, pointing to evidence that suggests they did *not* initiate proceedings against Harris, or that they in truth *had* probable cause and acted without malice. But that is a factual dispute and, as the district court found, one that a rational juror could have resolved in Harris's favor. And while it is clear that Mulvey and Anderson believe that the "district court committed an error of law in ruling that [this] evidence was sufficient to create a jury issue" on their immunity defense, that is precisely the sort of fact-intensive dispute that we may not examine in an interlocutory posture. *Salim*, 93 F.3d at 91.

Mulvey and Anderson counter that the Supreme Court's decision in *Scott v. Harris* permits our exercise of interlocutory jurisdiction over their appeal because, in their view, Harris's version of the facts is "blatantly contradicted by the record." State Br. at 28 (citing *Scott v. Harris*, 550 U.S. 372, 379–80 (2007)). But even assuming that *Scott* creates such an exception, it is a narrow one that would not apply here. In *Scott*, the defendant produced an undisputed video that "so utterly discredited" the plaintiff's allegations that they could not be accepted as a matter of law. *Scott*, 550 U.S. at 380. Here, Mulvey and Anderson offer no video or similarly conclusive evidence that refutes Harris's allegations to that degree. Instead, they merely argue that the record better supports their account of the facts

and that self-serving statements by other defendants should be credited over Harris's contrary evidence. Because none of that evidence even remotely resembles an undisputed video depicting exactly what transpired, *Scott* does not apply here. *See, e.g.*, *Jok v. City of Burlington*, 96 F.4th 291, 297 n.3 (2d Cir. 2024) (finding that *Scott* did not apply because the offered video "d[id] not depict the entire scene" and thus did not "clearly contradict" plaintiff's version of events (alterations omitted)).

*Second*, Anderson and Mulvey challenge the district court's denial of qualified immunity on Harris's claims that they fabricated evidence against him and conspired to do the same. To prevail on a fabricated evidence claim under section 1983, a plaintiff must establish that "(1) [an] investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021) (alterations and internal quotation marks omitted). As with the malicious prosecution claim, Anderson and Mulvey may appeal the denial of their summary judgment motion only to the extent that they raise a question of law – such as by arguing that, even if they had done what Harris

alleges, they would still enjoy qualified immunity. But rather than accept

Harris's version of the facts, Anderson and Mulvey simply contest it, arguing that

they never doctored photographs or coerced testimony (or conspired to do so) in

the manner Harris alleges. At no point do Mulvey and Anderson argue that even

if they *had* done so, then they would still be immune. And while they again argue

that the record "blatantly contradict[s]" Harris's version of events under *Scott*,

they do not offer conclusive evidence to that effect. State Br. at 61. At bottom,

Mulvey and Anderson do not raise a pure question of law that we may review.[3]

*Third*, Keene contends that the district court should have found that he was

immune as to Harris's claims that he fabricated evidence (or conspired to do so)

and that he maliciously prosecuted Harris by fabricating that evidence.

Although the district court held that Keene was absolutely immune from any

misconduct while acting as a prosecutor, it found that "a jury could conclude

that . . . Keene" was involved in evidence fabrication while "acting in a pre-

---

[3] Mulvey and Anderson also argue that they are entitled to summary judgment because – even if they had maliciously prosecuted and fabricated evidence against Harris – prosecutors would have independently prosecuted Harris anyway. But we do not have interlocutory jurisdiction to entertain that argument either, because it "concerns the merits" of Harris's claims as opposed to whether the officers have "immunity." *Francis v. Coughlin*, 849 F.2d 778, 780–81 (2d Cir. 1988). Indeed, that is why we had to exercise our *pendent* appellate jurisdiction to reach this causation argument in the case on which Mulvey and Anderson rely. *See Townes v. City of New York*, 176 F.3d 138, 144–45 (2d Cir. 1999).

indictment *investigative* capacity," Sp. App'x at 50, 58 (emphasis added), which would be protected by only qualified immunity, *see Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012) ("The investigative acts that are entitled to only qualified immunity are those undertaken in the phase of law enforcement that involves the gathering and piecing together of evidence for indications of criminal activities and determination of the perpetrators.").

As a threshold matter, we may not review the district court's finding that a rational juror – construing the evidence in Harris's favor – could have concluded that Keene fabricated evidence, or conspired to do so, in the early stages of the investigation for the purpose of obtaining probable cause. *See Salim*, 93 F.3d at 91 ("[W]e may not . . . entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue."). As a result, the only way Keene may challenge the denial of immunity here is by arguing that he would be immune even if he had done what Harris asserts – that is, that he fabricated evidence to obtain the probable cause needed for an indictment. *See id.*

Keene fails to make that sort of pure legal argument here. He instead advances a barrage of factual arguments that he "did not fabricate evidence or

11

testimony" and that the district court overlooked "the treasure trove of facts and evidence to demonstrate probable cause." County Br. at 31, 33; *see also id.* at 28–29 ("[O]verwhelming proof shows . . . [that] probable cause exist[ed]."); *id.* at 39 (arguing that Keene had "nothing to do" with witness tampering). Put simply, these are factual arguments that Keene never did what Harris accuses him of, and that the district court erred in concluding that a rational juror could agree with those accusations. At the risk of being repetitious, we again note that those are not arguments that we can review in an interlocutory posture. As we have held countless times, a defendant can bring an interlocutory appeal of the denial of immunity at summary judgment only by accepting the plaintiff's version of the facts and arguing that, even if he did what the plaintiff alleges, he would still be entitled to immunity as a matter of law. *See Salim*, 93 F.3d at 90; *Franco*, 972 F.3d at 174. Because Keene instead challenges Harris's version of the facts, we may not entertain his arguments.

*Finally*, Tioga County argues that we should exercise our pendent appellate jurisdiction in order to review the merits of the *Monell* claim Harris brought against it, which survived summary judgment but does not involve qualified immunity and is not otherwise entitled to interlocutory review. "[U]nder the

12

doctrine of pendent appellate jurisdiction, once we have taken jurisdiction over one [appealable] issue in a case, we may, in our discretion, consider otherwise nonappealable issues" where they have sufficient overlap with the appealable ones. *San Filippo v. U.S. Tr. Co. of N.Y., Inc.*, 737 F.2d 246, 255 (2d Cir. 1984). Here, we have no discretion to consider the County's *Monell* challenge because we have already determined that there are no appealable issues for us to review. As a result, there is no basis for us to exercise pendent appellate jurisdiction.

\* \* \*

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal for lack of jurisdiction. Harris's motion to dismiss the appeal is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13