24-2493-cv
*Doe v. Waltzer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-five.

**PRESENT:**
> **REENA RAGGI,**
> **BETH ROBINSON,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

_____

**Jane Doe,**

> *Plaintiff-Appellant,*

> v.                                                                          **No. 24-2493**

**Mark Waltzer,**

> *Defendant-Appellee,*

**New York City Department of Education,
City of New York, Douglas Meiners,
Michael Eisenberg, John Doe #1,
John Doe #2,**

                         *Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:**

                       KARL J. ASHANTI, Musa-Obregon Law, P.C., Maspeth, NY.

**FOR DEFENDANT-APPELLEE:**

                       ANDREW B. STOLL, Stoll, Glickman & Bellina LLP, New York, NY, Scott A. Korenbaum, Scott A. Korenbaum, Esq., New York, NY.

Appellee Waltzer moves to dismiss this appeal for lack of jurisdiction. Appellant Doe cross-moves, under 28 U.S.C. § 1292(b), for leave to appeal an interlocutory order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Appellee's motion to dismiss is **GRANTED** for lack of appellate jurisdiction and Appellant's motion for interlocutory appeal is **DENIED** without prejudice as premature.

Doe sued Waltzer in federal court for sexual assault, relying on New York's Child Victims Act, *see* N.Y. C.P.L.R. 214-g, which revived civil claims predicated on N.Y. Penal Code violations. Doe's complaint alleged that Waltzer, her former high school teacher, forcibly raped her when she was fifteen years old. After a trial, a jury found Waltzer liable for forcible sexual intercourse and awarded Doe $100 million in compensatory damages and $50 million in punitive damages. On September 17, 2024, the district court granted Waltzer's Rule 59(a) motion for a new trial as to both liability and damages. A day later, Doe filed a notice of appeal in this Court.

First, this Court lacks appellate jurisdiction at this juncture. Granting a new trial is not a final decision appealable under 28 U.S.C. § 1291. *See Ortiz-Del Valle v. Nat'l Basketball Ass'n*, 190 F.3d 598, 599 (2d Cir. 1999); *Sorensen v. City of New York*, 42 F. App'x 507, 509 (2d Cir. 2002). Because a final decision has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and there is no other basis for immediate appeal, Waltzer's motion to dismiss is granted.

Second, Doe's motion for interlocutory appeal is denied as premature because a district court must first certify that an otherwise-non-final order is fit for appeal before we "may thereupon, in [our] discretion, permit an appeal to be taken

from such order." 28 U.S.C. § 1292(b). Here, the district court issued a text order on October 17, 2024, "certif[ying] its September 17, 2024, order … for appeal pursuant to 28 U.S.C. § 1292(b)." Oct. 17, 2024 Text Or. But this order was issued *after* Doe had already filed a notice of appeal in our Court. As explained below, the district court was therefore without jurisdiction to grant Doe's motion "for leave to appeal," Dkt. No. 210, when it purported to do so.

"The filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed." *Carroll v. Trump*, 88 F.4th 418, 433 (2d Cir. 2023) (quotation marks omitted); *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). We have sometimes permitted an exception to that ordinary approach because divestiture of jurisdiction is "not a per se rule." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). It is instead "a judicially crafted rule rooted in the interest of judicial economy," and "its application is guided by

4

concerns of efficiency and is not automatic."   *Id.*[1]

Because "our application of the divestiture rule must be faithful to the principle of judicial economy from which it springs," *Rodgers*, 101 F.3d at 251, we conclude that Doe's notice of appeal divested the district court of jurisdiction pending resolution of this dispute.   Given the unique circumstances of this case, to find an exception to the normal rule of divestiture would cut against "the interest of judicial economy" that grounds our divestiture jurisprudence.   *Id.* Accordingly, Doe's motion for interlocutory appeal must be denied without prejudice as premature because the district court has yet to certify, while jurisdiction is still vested with it, that this dispute is fit for review under 28 U.S.C. § 1292(b).   *See Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 285 (2d Cir. 1974) (noting that this Court may "dismiss [an] appeal on the ground that the district court had no jurisdiction to enter [a certification of appealability] after the appeal had been taken and without our permission").

---

[1] "For example, district courts may retain jurisdiction notwithstanding appeal if the appeal is frivolous."   *Carroll*, 88 F.4th at 433.   But, here, the district court did not attempt to retain jurisdiction in light of a frivolous appeal.   To the contrary, the court found that an interlocutory appeal was "warranted" under the circumstances.   *See* Oct. 17, 2024 Text Or.

Appellee's motion to dismiss is therefore **GRANTED** and Appellant's motion for interlocutory appeal is **DENIED** as premature.   Of course, because the district court will regain jurisdiction upon dismissal of this appeal, Doe may—if she wishes—seek anew a certification order from the district court under 28 U.S.C. § 1292(b).   If the district court issues such an order, Doe will then have "ten days after the entry of the order" to make a timely application to this Court to consider a petition for interlocutory appeal.   28 U.S.C. § 1292(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

6